KLEIN LAW GROUP LLLC

ROBERT G. KLEIN       #1192-0
KURT W. KLEIN         #10357-0
DAVID A. ROBYAK       #10321-0
2135 Haena Drive
Honolulu, Hawai'i  96822
Telephone: (808) 591-8822
Email:     **rgk@kleinlg.com**
           **kwk@kleinlg.com**
           **dar@kleinlg.com**

Attorneys for Plaintiff
NANCY ADAMS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NANCY ADAMS, | ) CIVIL NO. _____ |
| | ) (Other Personal Injury) |
| Plaintiff, | ) |
| | ) COMPLAINT FOR DAMAGES; |
| vs. | ) DEMAND FOR JURY TRIAL |
| | ) |
| 300, LLC; PRO PARK, INC; | ) |
| ASSOCIATION OF APARTMENT | ) |
| OWNERS ILIKAI MARINA | ) |
| APARTMENT BUILDING, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

COMES NOW Plaintiff NANCY ADAMS ("Plaintiff") through her attorneys, KLEIN LAW GROUP LLLC, and hereby alleges and avers the following claims against Defendants 300, LLC (hereafter, "300, LLC"); PRO PARK, INC. (hereafter, "PRO PARK"); and ASSOCIATION OF APARTMENT OWNERS ILIKAI MARINA APARTMENT BUILDING (hereafter, "AOAO ILIKAI MARINA") (collectively, "Defendants").

## PARTIES, JURISDICTION AND VENUE

1.     At all times material hereto, Plaintiff NANCY ADAMS is a citizen and resident of the State of Alaska.

2.     Upon information and belief, at all times material hereto Defendant 300, LLC is a limited liability company organized and existing under the laws of the State of Maryland with its principle place of business in the State of Hawaiʻi and the fee owner of the parking garage unit (hereafter "Parking Garage") of the condominium project known as Ilikai Marina Apartment Building located at 1765 Ala Moana Boulevard, Honolulu, Hawaiʻi 96815 (hereafter "Building").

3.     Upon information and belief, at all times material hereto Defendant PRO PARK is a for-profit corporation organized and existing under the laws of the State of Hawaiʻi with its principle place of business in the State of Hawaiʻi, the

2

lessee of the Parking Garage of the Building and/or the operator of the public parking business in said Parking Garage.

4.    Upon information and belief, at all times material hereto Defendant AOAO ILIKAI MARINA is a nonprofit corporation organized and existing under the laws of the State of Hawaiʻi with its principle place of business in the State of Hawaiʻi and the operator and administrator of the Building.

5.    Jurisdiction is properly vested in this Court pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

6.    Venue is properly before this Court pursuant to 28 U.S.C. §1391 because all events material to this Complaint occurred within the District of Hawaiʻi, State of Hawaiʻi.

## FACTUAL BACKGROUND

7.    On or about February 6, 2017, Plaintiff and her life-partner, Richard Childers, were returning to their rented automobile parked in the Parking Garage on the second floor of the Building.

8.    As Plaintiff entered the second floor of the Parking Garage from the second-floor of the Building lobby, she traversed a short set of irregular and unreasonably hazardous stairs.

3

9.     There were no warnings or notifications that the stairs were hazardous.

10.     Through no fault of her own, Plaintiff fell as she traversed the stairs, sustaining severe and permanent physical injury to her elbow, in addition to other serious bodily injuries.

## COUNT I - NEGLIGENCE

11.     Plaintiff repeats and incorporates by reference as though fully and completely set forth herein the allegations in paragraphs 1 through 10.

12.     Defendants had a duty to maintain the Building and the Parking Garage in in a reasonably safe condition for Plaintiff, who was lawfully on the premises.  Defendants also had a duty to warn Plaintiff of any unreasonably hazardous conditions such as the stairs where Plaintiff fell.

13.      Defendants, and their agents, servants, employees and/or representatives breached their duty of care and were negligent in one or more of the following respects:

a.     In failing to warn Plaintiff of a dangerous condition which was known to Defendants and not open, obvious, readily apparent and/or discoverable by Plaintiff;

b.     In failing to insure the premises were safe for the invited customers who parked their cars on the premises; and/or

c.     In creating and maintaining unsafe conditions, including unsafe and inconsistent stair riser heights, unsafe stair nosings and treads, unsafe and inconsistent handrails of insufficient length

4

and improper slope, and an unsafe concrete landing pad of improper dimensions.

14.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered general and special damages in an amount to be proven at trial, in excess of $75,000, exclusive of interest and costs.

15.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered, and continues to suffer severe, permanent, and painful injuries to various parts of her body.  Said injuries have caused, and will continue to cause, Plaintiff great physical, mental, and emotional pain and suffering, serious emotional distress and mental anxiety, and loss of enjoyment of life, all to her general damage in an amount to be determined at the time of trial herein.

16.    As a further direct and proximate result of Defendants' negligence, Plaintiff was forced to incur, and will continue to incur, various medical and rehabilitative costs and expenses, all to her special damage in an amount to be determined at the time of trial herein.

17.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered, and will continue to suffer in the future, other general and special damages to be shown at the time of trial.

WHEREFORE, Plaintiff NANCY ADAMS prays for judgment against Defendants, and each of them, as follows:

      A.    General damages;

B.      Special damages;

C.      Prejudgment interest

D.      Costs of suit and attorneys' fees; and

E.      Such other and further relief as the Court deems just and

proper.


DATED: Honolulu, Hawaiʻi, January 23, 2019.


/s/ *Robert G. Klein*
ROBERT G. KLEIN
KURT W. KLEIN
DAVID A. ROBYAK

Attorneys for Plaintiff
NANCY ADAMS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| NANCY ADAMS, | ) | CIVIL NO. _____ |
| | ) | (Other Personal Injury) |
| Plaintiff, | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| vs. | ) | |
| | ) | |
| 300, LLC; PRO PARK, INC; | ) | |
| ASSOCIATION OF APARTMENT | ) | |
| OWNERS ILIKAI MARINA | ) | |
| APARTMENT BUILDING, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues herein as set forth in her

Complaint for Damages filed herein.  This demand is made pursuant to Fed. R.

Civ. P. 38.

DATED:  Honolulu, Hawaiʻi, January 23, 2019.


_/s/ Robert G. Klein_____
ROBERT G. KLEIN
KURT W. KLEIN
DAVID A. ROBYAK

Attorneys for Plaintiff
NANCY ADAMS